**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00011-RBJ

CHILDREN'S HOSPITAL COLORADO,

    Plaintiff/Counterclaim Defendant,

v.

DIGISONICS, INC.,

    Defendant/Counterclaim Plaintiff.

_____

**STIPULATED PROTECTIVE ORDER**
_____

    It appearing that certain information, documents, and things of the parties subject to discovery in this action may contain, embody or reflect a trade secret or non-public, confidential, proprietary, or sensitive research, know-how, or development or technical, personal, business, financial or commercial information, or other information otherwise covered by a legitimate right or interest of privacy, within the meaning of F.R.C.P. 26(c), the laws of the United States, or other applicable laws (hereinafter individually and collectively referred to as "Confidential Information"), and in the interest of expediting discovery and permitting the same to proceed without delay occasioned by possible disputes regarding claims of Confidential Information, and to preserve the parties' interests in their Confidential Information without unduly encroaching upon the public's right to be informed of judicial proceedings, and recognizing that a party seeking to protect information filed under seal with the Court must narrow the request and show good cause for restricting access to that part of the record, and the parties representing that their

counsel are familiar with the laws relating to the protection of such Confidential Information, and acknowledging the importance of access by the opposing party to information important to the decision-making of the parties in the prosecution or defense of the litigation, Plaintiff/Counterclaim Defendant Children's Hospital Colorado ("CHCO") and Defendant/Counterclaim Plaintiff Digisonics, Inc. ("Digisonics") (each a "Party" and collectively "the Parties") hereby agree that the following Stipulated Protective Order (the "Order") be entered pursuant to F.R.C.P. 26(c) to provide access by the Parties to such Confidential Information, subject to certain protective provisions hereinafter set forth.

**IT IS HEREBY STIPULATED BY THE PARTIES, AND FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED THAT:**

1.  This Order shall apply to all Confidential Information that is the subject of discovery or testimony in this action.  Discovery materials and testimony as to which a disclosing Party or non-party has an interest and as to which confidentiality is asserted by such Party's counsel after review of the information and on a good faith belief that it is confidential or otherwise subject to protection and not (1) to impose any unnecessary burden or delay on an opposing Party, or (2) for tactical or other advantage in litigation, upon designation of the Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be treated pursuant to the provisions of this Order. For purposes of this Order, disclosing non-parties shall have the same rights and obligations as a disclosing Party.

    (a)  <u>Discovery materials produced pursuant to F.R.C.P. 34.</u>  Documents and other discovery materials produced pursuant to F.R.C.P. 34 shall be designated as Confidential Information prior to disclosure by labeling such documents and materials in a visible manner

with a CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend stamped or affixed thereto, or by a manner mutually agreeable to the Parties if the materials cannot be readily so labeled. If a disclosing Party or non-party thereafter determines that it inadvertently failed to properly designate or label Confidential Information, it may do so by giving prompt and timely notice to the receiving Party, who shall thereafter treat the materials pursuant to the provisions of this Order.

  (b) <u>Oral or written deposition taken pursuant to F.R.C.P. 30 or 31.</u> Any disclosing Party or non-party (including the Party or non-party being deposed or any Party or non-party regarding whom the testimony concerns) may designate testimony on oral or written deposition taken pursuant to F.R.C.P. 30 or 31 as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Order by:

   (i) so stating on the record during the deposition, including objecting to testimony by stating that such testimony is HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY and should be so designated, or

   (ii) by notifying the other Parties in writing of the portions of such testimony to be so designated within seven (7) calendar days of receipt of the draft transcript by the deponent or the deponent's counsel, whichever is earlier.

Testimony during the deposition shall be treated as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY unless another designation is made on the record or until such written notification is received, or if no written notification is provided, until the expiration of the seven (7) calendar day period.

4828-1356-8559.1

With regard to designations made during the deposition, the designating Party shall have the right to exclude from the deposition all persons not entitled under this Order to view or receive such Confidential Information before the taking of such testimony. If a disclosing Party or non-party promptly and timely determines that it inadvertently failed to properly designate confidential testimony, it may do so by giving notice to all Parties, who shall thereafter treat the materials pursuant to the provisions of this Order. Any transcript portion that contains testimony so designated shall be labeled in a visible manner with the CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend, and if requested by the designating Party, shall be bound in a separate, sealed volume by the court reporter.

(c) <u>Responses to interrogatories under F.R.C.P. 33.</u> Responses to interrogatories under F.R.C.P. 33 shall be designated as Confidential Information prior to disclosure by labeling such documents and materials in a visible manner with a CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend stamped or affixed thereto, or by a manner mutually agreeable to the Parties if the materials cannot be readily so labeled. If a disclosing Party or non-party thereafter determines that it inadvertently failed to properly designate or label an interrogatory response under F.R.C.P. 33 CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, it may do so by giving prompt and timely notice to all Parties, who shall thereafter treat the materials pursuant to the provisions of this Order.

2. This Order does not affect or alter a disclosing Party's rights to refuse to disclose information properly subject to the attorney-client privilege or the attorney work product doctrine. If a Party, through inadvertence, produces or provides discovery that it believes is

subject to a claim of attorney-client privilege, work product immunity, or is otherwise protected from disclosure, the producing Party may give prompt and timely written notice to the receiving Party that the document is subject to a claim of attorney-client privilege, work product immunity, or other protection from disclosure, and request that the discovery be returned to the producing Party. The receiving Party shall promptly return to the producing Party such discovery. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege, work product immunity, or other protection from disclosure, nor shall it foreclose any Party from moving the Court for an order that such document or thing has been improperly designated or should be discoverable and/or usable in this action for reasons other than a waiver caused by the inadvertent production.

3. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

4. A disclosing Party may produce materials in redacted form, redacting only information that is subject to a claim of attorney-client privilege, work product immunity, or is otherwise protected from disclosure, and shall make the notation "REDACTED", or other similar notation, on each redacted portion of the document. Where a Party receiving redacted materials

has good cause to believe that the redacted information is subject to disclosure, the Parties shall attempt to resolve any dispute without intervention by the Court. Should the Parties be unable to resolve their dispute regarding redacted information, the Party objecting to the redaction shall have the burden in any motion brought before the Court to show why the redaction is improper.

5.      Access to all materials designated with the CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend shall be restricted as set forth below.

(a) <u>Access to CONFIDENTIAL materials.</u>  Access to all materials designated with the CONFIDENTIAL legend, and disclosure of the information contained in such materials, shall be restricted solely to:

(i)      attorneys and agents in outside law firms who are formally representing any Party as outside counsel (and their necessary support staff);

(ii)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this action, or who are assisting outside counsel in the litigation of this action, or any designated employee of each of the Parties to the extent reasonably necessary for the litigation of this action, provided that all in-house counsel and designated employees sign the authorization attached as Exhibit A, certifying their agreement to abide by the terms of this Order with respect to any materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY (which shall be retained by counsel for the receiving Party and provided to opposing counsel upon request in the event a concern regarding treatment of Confidential Information under this Order arises or within 30 (thirty) days of settlement or the final termination of this action, including all appeals);

    (iv)  independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this action;

    (v)  independent outside experts (and their necessary support staff) retained specifically for this action as consulting or testifying experts, provided that they sign the authorization attached as Exhibit A, certifying their agreement to abide by the terms of this Order with respect to any materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY (which shall be retained by counsel for the receiving Party and provided to opposing counsel upon request in the event a concern regarding treatment of Confidential Information under this Order arises or within 30 (thirty) days of settlement or the final termination of this action, including all appeals);

    (vi)  the Court and its personnel, and court reporters;

  (b) <u>Access to HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY materials.</u> Confidential Information may be designated with the HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend if the disclosing Party believes in good faith that the information should not be disclosed to any employee of the receiving Party within the provision of paragraph 5(a)(ii) because disclosure of such could have a significant adverse impact on the disclosing Party's business, financial condition, or ability to compete. Such information includes, without limitation, trade secrets, future business plans, financial analyses and projections, confidential contractual relationships with third parties, the identification of confidential customers, materials relating to on-going research and development efforts and future products

and technical materials used solely for internal purposes in connection with development, production, engineering, or sales training. While this legend includes the term ATTORNEYS' EYES ONLY, it is a broader term than simply for attorneys eyes only, as expressly described in this section. Access to all materials designated with the HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend, and disclosure of the information contained in such materials, shall be restricted solely to:

    (i) attorneys and agents in outside law firms who are formally representing any Party as outside counsel (and their necessary support staff);

    (ii) outside vendors for a Party or their outside counsel of record who perform photocopying or other clerical functions;

    (iii) independent outside experts (and their necessary support staff) retained specifically for this action as consulting or testifying experts, provided that they sign the authorization attached as Exhibit A, certifying their agreement to abide by the terms of this Order with respect to any materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY (which shall be retained by counsel for the receiving Party and provided to opposing counsel upon request in the event a concern regarding treatment of Confidential Information under this Order arises or within 30 (thirty) days of settlement or the final termination of this action, including all appeals);

    (iv) the Court and its personnel, and court reporters.

(c) Any information designated with the CONFIDENTIAL legend (including extracts and summaries derived from such material) shall not be revealed to anyone other than those encompassed by paragraph 5(a)(i)-(vi) above, and any information designated with the HIGHLY

CONFIDENTIAL-ATTORNEYS' EYES ONLY legend (including extracts and summaries derived from such material) shall not be revealed to anyone other than those encompassed by paragraph 5(b)(i)-(iv) above unless:

 (i) the disclosure is to an author or an addressee or recipient on the face of a document being disclosed who is not otherwise shown prior to such disclosure to have failed to author or receive the document;

 (ii) the disclosure is to a person who received or saw the information, or who can otherwise be shown to have known or possessed the information, prior to the disclosure;

 (iii) the disclosure is to a person who can demonstrate he or she participated in any meeting or communication to which the information refers, or to whom the information refers;

 (iv) the disclosing Party assents in advance in writing to such disclosure;

 (v) the disclosure is in a deposition to a witness of the disclosing Party; or

 (vi) the Court otherwise directs.

Any receiving Party, by receiving Confidential Information, must be provided a copy of this Order and agrees to be bound by such, and agrees to be subject to the jurisdiction of the Court for purposes of enforcement of this Order.

6. This Order does not relieve any Party or non-party from compliance with the Federal Rules of Civil Procedure or standing orders of this Court with respect to discovery disputes.

    (a)    <u>Modification of Order.</u>  In the event that a Party shall desire to provide access to Confidential Information hereunder to any person or category or persons not included in paragraph 5 hereof, or prohibit access to Confidential Information by the same, and if the other Party objects thereto, the first Party may move this Court, in compliance with such Rules and orders and consistent with the other terms and provisions of this Order, for an order modifying the Order to provide or restrict access to the Confidential Information. The moving Party shall have the burden of demonstrating good cause for modification of the Order.

    (b)    <u>Challenging of Designation.</u>

        (i)    <u>Timing of Challenges</u>. Any receiving Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        (ii)    <u>Meet and Confer</u>.  The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating Party is unwilling to participate in the meet and confer process in a timely manner.

        (iii) <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the designating Party shall file and serve an appropriate motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.

The burden of showing good cause for the designation in any such challenge proceeding shall be on the designating Party.  Unless the designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating Party's designation until the court rules on the challenge.

7.      All Confidential Information obtained by one Party from another Party or non-party in the course of this lawsuit and subject to this Order shall be used by the receiving Party solely for the preparation and trial of this lawsuit, and for no other purpose.

8.      Confidential Information identified in accordance with this Order shall not be filed with the Court or included, in whole or in part, in pleadings, motions or briefs; provided, however, that if a Party believes Confidential Information, which is limited to personal information (i.e., Social Security numbers, residential addresses, etc.) and trade secret information, is important to such pleading, motion, or brief, then, pursuant to this Court's Practice Standards, such information should be redacted or, upon request showing good cause for a narrow order restricting public access, may be filed under seal.

9.      Within thirty (60) days of settlement or final termination of this action, including all appeals, unless otherwise agreed to in writing by an attorney of record for the designating Party, the attorneys for each Party, upon request, shall assemble and destroy or return to the disclosing Party all documents and things containing Confidential Information produced by that Party, and shall destroy all copies thereof made subsequent to production which are in their possession, custody or control, except that outside counsel of record shall be entitled to retain one (1) copy of all litigation documents, including exhibits, transcripts of testimony, court filings, and their own correspondence and memoranda containing Confidential Information, but such documents shall be used only for the purpose of preserving a file on the action, and shall not, without the written permission of the disclosing Party, or an order of this Court or another court of competent jurisdiction, be disclosed to anyone other than those to whom such

information was actually disclosed, in accordance with the terms and conditions of this Order, during the course of this action.

10. This Order shall remain in full force and effect unless modified or terminated by the Court and shall survive and remain in full force and effect after the termination of this action. Termination of this action shall not relieve any person from the obligations of this Order, unless the Court orders otherwise.

11. This Order shall not preclude another court or tribunal from finding that information designated as Confidential Information in this case may be subject to disclosure in that case, notwithstanding the existence of this Order or its provisions. Any person or Party subject to this Order who is subject to a motion to disclose another Party's information designated as Confidential Information pursuant to this Order, shall promptly notify that designating Party of the motion to disclose so that it may have a full and adequate opportunity to appear and be heard on whether that information should be disclosed.

THE COURT, having reviewed the Stipulated Protective Order and being fully advised in the premises and good cause shown therefor, HEREBY ORDERS that the Stipulated Protective Order shall be and hereby is GRANTED.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted this 22nd day of March, 2016.

| KUTAK ROCK LLP | HOLLAND & KNIGHT LLP |
|---|---|
| *s/ Chad T. Nitta* | *s/ Aaron P. Bradford* |
| Chad T. Nitta | Aaron P. Bradford |
| Blair E. Kanis | Maxwell N. Shaffer |
| 1801 California St., Suite 3000 | HOLLAND & KNIGHT, LLP |
| Denver, CO 80202 | 633 17th Street, Suite 2300 |
| Tel: 303-297-2400 | Denver, CO 80202 |
| Fax: 303-292-7799 | Tel: 303-974-6660 |
| chad.nitta@kutakrock.com | Fax: 303-974-6659 |
| blair.kanis@kutakrock.com | maxwell.shaffer@hklaw.com |
| *Attorneys for Plaintiff/Counterclaim Defendant* | aaron.bradford@hklaw.com |
| | *Attorneys for Defendant/Counterclaim Plaintiff* |

4828-1356-8559.1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado on [date] in the case of *Children's Hospital Colorado v. Digisonics, Inc.*, Case No. 16-cv-00011-RBJ.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

    [printed name]

Signature: _____

    [signature]

## STIPULATED PROTECTIVE ORDER

The above STIPULATED PROTECTIVE ORDER is approved as the Stipulated Protective Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: <u>March 23, 2016</u>

*Brooke Jackson*

United States District Court Judge